Filed 1/22/14  P. v. Wyatt CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRAN MAURICE WYATT,<br><br>    Defendant and Appellant. | 2d Crim. No. B247191<br>(Super. Ct. No. 2012036704)<br>(Ventura County) |

Terran Maurice Wyatt appeals a judgment after conviction by jury of one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and one count of being under the influence of a controlled substance (*id.*, § 11550, subd. (a)).  In a bifurcated proceeding, the jury found true allegations that Wyatt suffered a prior conviction for transporting cocaine base in 2007 (*id.*, § 11352, subd. (a)) and for assault with a firearm in 1993 (Pen. Code, § 245, subd. (a)(2)).  The trial court found Wyatt suffered a prior prison term.  It sentenced him to four years in state prison for the possession offense, consisting of the midterm doubled for the prior strike (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (b) & (c)(1)); a consecutive one-year term for the prior prison term (*id.*, § 667.5, subd. (b)); and a concurrent 90-day term in jail for being under the influence of a controlled substance.

We appointed counsel to represent Wyatt in this appeal.  After examining the record, she filed an opening brief raising no issues.  On July 29, 2013, we advised

Wyatt that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. On August 26, 2013, we received a response from Wyatt in which he contends that the trial court unfairly admitted his companion's out-of-court statement that a bag belonged to him and that "the evidence was never found or pictured or seen." Wyatt also asks us to have another attorney review his case and to "look into" his strike. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a factual and procedural summary of the case and a discussion of Wyatt's contentions.

FACTUAL AND PROCEDURAL HISTORY

Undercover Oxnard Police Officer Jon Wilkie saw Wyatt walking with a bicycle that had a bag hanging from the handlebars. Wyatt was accompanied by a woman, Lucia Garcia. When a marked police car drove through the area, Wilkie saw Wyatt look at the car, walk away from the bicycle and his companion, and then use a circuitous route to return after the police car was gone. By radio, Wilkie asked the officers in the marked car to investigate. When they approached, Wyatt passed the bicycle to Garcia.

Wyatt appeared to be under the influence of a central nervous stimulant. He had marijuana in his sock. A syringe containing methamphetamine was in the pocket of a pair of men's pants that were in the bag that was hanging from the bicycle's handlebars.

Garcia told an officer that the bag belonged to Wyatt. At trial, the court granted the prosecutor's request to elicit Garcia's statement from the officer on redirect. Defense counsel had cross-examined the officer about his decision not to check for fingerprints. The trial court instructed the jury not to consider Garcia's statement for the truth of whether it was actually Wyatt's bag, but for the limited purpose of explaining the officer's actions.

The prosecution also introduced evidence of an uncharged prior conviction for possession of methamphetamine. The trial court instructed the jury it could be

2

considered only for the purpose of proving Wyatt's knowledge of methamphetamine and for no other purpose.

Before trial, the court denied a motion to strike Wyatt's 1993 prior strike. It found that "passage of time [was] not reason to strike" because Wyatt had "failed on probation."

## DISCUSSION

The trial court did not abuse its discretion when it admitted Garcia's statement for the nonhearsay purpose of explaining the officer's decision not to test for fingerprints. (See *People v. Hines* (1997) 15 Cal.4th 997, 1047 [out of court statement admissible to prove why officers were called to scene].)

We assume Wyatt's contention that "the evidence was never found or pictured or seen" refers to the absence of photographs of the pants and the bicycle, or a reference to the lack of DNA and fingerprint evidence taken from the bag or syringe. Both issues were raised by defense counsel in closing argument and go to the weight of the evidence. We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

Wyatt's contention that he did not know of the presence of a controlled substance is contradicted by sufficient evidence from which the jury could infer his knowledge. Wyatt's familiarity with methamphetamine could be inferred from evidence of his prior conviction for possessing it and from the scarring on the inside of Wyatt's left elbow that one of the officer's described as "a scarred-over area of old injection sites." His knowledge of the pants and their contents could be inferred from the fact that he was pushing the bicycle with the bag and from an officer's testimony that the pants would have fit Wyatt and would not have fit Garcia, who was much smaller and carried her own clothes with her in a suitcase. Consciousness of guilt could be inferred from the testimony that Wyatt walked away from the bicycle as soon as he saw a marked police car and that he pushed the bicycle to Garcia when uniformed officers returned.

3

Wyatt's requests to have another attorney review his case is not supported by any facts. We have reviewed the evidence of his prior strike conviction and the entire record. We are satisfied that Wyatt's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

4

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Shea S. Murphy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.